ALBERT COHN v. THOMAS H. SMITH ET AL.

[49 South. 611.]

ADVERSE POSSESSION. *Scrambling.*

    A mere scrambling possession of land, however long continued, is insufficient to confer title by adverse possession.

FROM the chancery court of Lawrence county.

HON. G. GARLAND LYELL, Chancellor.

Smith and others, appellees, were complainants in the court below; Cohn, appellant, was defendant there. The complainants claimed to own the land in controversy, predicating their claim of actual adverse possession for more than thirty years of the premises by their ancestors, from whom they inherited. The only deed under which complainants claimed was a tax deed executed in pursuance of a tax sale which was not only confessedly void but from which the lands were redeemed within the time allowed for redemptions. The defendant's paper title was perfectly deraigned from the United States government.

The averments of the bill touching the occupation and adverse possession of the land were denied by the answer.

The case was heard on the pleadings, the deeds made exhibits thereto and oral testimony heard by consent. It is deemed unnecessary to state even the substance of the testimony in view of the opinion of the court.

From a decree in complainants' favor defendant appealed to the supreme court.

*A. A. Cohn, P. Z. Jones* and *McWillie & Thompson,* for appellant.

There is nothing in the testimony in this case fixing definitely the date of anything claimed by appellees to evidence an adverse possession; some things are said to have been done in the lifetime of T. H. Smith, Sr., but he died in 1901, only six years

before the beginning of the suit and, therefore, nothing is proved to have been done or to have happened, save the annual payment of taxes, more than ten years before the beginning of this suit. Nothing is shown to have been continuous; whatever was done was merely sporadic; the element of continuity is wholly wanting in everything save perhaps in the matter of paying taxes. The payment of taxes may characterize a possession otherwise proved, but does not tend to prove it.

*McCaughn v. Young,* 85 Miss. 277, 37 South. 839, does not warrant the decree appealed from. That case is explained in *Kennedy v. Sanders,* 90 Miss. 524, 43 South. 913. We invite special attention to the case last mentioned. The payment of taxes on land, as just stated, does not evidence or tend to prove possession of the land; such payments may be offered in evidence as tending to prove a claim of title, not as tending to prove possession? No length of claim without possession will ripen into title. *Magee v. Magee,* 37 Miss. 138. This is the idea of our statutes, Code 1880, § 2668; Code 1906, § 3094, all rocked on adverse possession. The testimony in this case may tend to prove a claim of title by appellees, but it is wholly insufficient to prove an adverse possession by them or those under whom they claim. The pretended possession is altogether too insubstantial.

We cannot conclude this brief more appropriately than by quoting the closing sentence of the opinion of this court in the case of *Kennedy v. Sanders,* 90 Miss. 524, 43 South. 913, wherein Chief Justice Whitfield said: "Solemn paper title, perfect from the government down, is of great, definite, fixed value and cannot be brushed aside by attempting to set up tax titles, absolutely void, for want of power to sell, and seeking to make them good by pleading statutes of limitations having no application and constructing an airy fabric of title so insubstantial that

"Like the Borealis' race
  It flits ere you can point the place."

We earnestly ask a reversal of the decree appealed from and

the rendition of a final decree by this court in appellant's favor denying all relief, dismissing complainant's bill and adjudging them to pay the costs of this court and of the court below.

*G. Wood Magee,* for appellees.

The land in controversy here has been assessed to appellees and those under whom they claim since 1872, and they have uniformly paid the taxes on same since that time. This fact is not only shown by the record in the case but it is admitted by counsel for appellant.

It is shown that Mrs. A. I. Smith who died in the year 1880, was the mother of appellees, T. H. Smith, Jr., and Victor Smith, and the wife of T. H. Smith, Sr., who died in the year 1901, and that appellees inherited the land involved in this suit from A. I. Smith.

Appellees show an unbroken chain of tax receipts for thirty-seven years; having paid the taxes on the land every year since 1872.

The land is not susceptible of actual occupancy and cultivation. It is shown that the father of two of the appellees claimed the land in his lifetime, and that he had it posted to keep off trespassers; used the timber on it, such as he needed for fencing and firewood. In other words, he exercised such acts of possession and control of the land as he exercused over any other lands claimed and owned by him.

He not only paid the taxes on the land but gave mortgages or deeds of trust on it just as he would any other property owned by him.

The appellees do not contend that the tax sale made on May the 10th, 1875, was valid. In other words, they admit, that according to repeated holdings of this court, that the sale was invalid. *Kennedy v. Sanders,* 90 Miss. 535, 43 South. 913, and cases there cited.

But these appellees say that the deed which Smith received from the state gave color of title to the lands in controversy.

To acquire title by adverse possession does not require actual occupancy or actual standing upon or living upon the land.

Actual possession of land consists in exercising acts of dominion over it and in making the ordinary use of it, and in taking the profits of which it is susceptible. This dominion may consist in and be shown by a great number and almost endless combinations of acts, and where the statutes of limitations have not designated certain things as requisites, the law has prescribed no particular manner in which possession shall be maintained and made manifest. Nor on the other hand, has the law attempted to lay down precise rules by which the sufficiency of a given set of facts to constitute adverse possession may be determined.

It is ordinarily sufficient if the acts of ownership are of such nature as the party would exercise over his own property and would not exercise over another's. Actuality of possession is a question compounded of law and facts and its solution must necessarily depend upon the situation of the parties the nature of the claimant's title, the character of the land and the purpose to which it is adapted and for which it has been used." 1 Cyc. 983, 986.

The true rule, so far we are told, is also announced by Judge Harris delivering the opinion of the court in the case of *Ford v. Wilson,* 35 Miss. 505, where he says: "That neither actual occupancy, cultivation or residence is necessary to constitute actual possession when the property is so situated as not to admit of any permanent useful improvements and the continued claim of the property has been evidenced by public acts of ownership, such as he would exercise over property which he claims in his own right and would not exercise over property which he did not claim."

Argued orally by *R. H. Thompson,* for appellant.

Smith, J., delivered the opinion of the court.

The evidence in the court below discloses a perfect record title in appellant to the land in controversy; but the chancellor held that appellees were the owners thereof by adverse possession.

There was evidence of claim of ownership on the part of appellees, but no evidence amounting to proof of possession. At most it showed nothing more than a mere "scrambling possession," which is not sufficient to cause title to vest by adverse possession.

The decree of the court below is therefore reversed, and the bill dismissed.